# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6069 | **DATE** | 3/20/2001 |
| **CASE TITLE** | INDECK POWER EQUIPMENT COMPANY vs. DUKE/FLUOR DANIEL, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Dearborn Industrial Generation LLC's motion for partial summary judgment [32-1] is granted. Indeck must mitigate its damages by setting off the security deposits it holds against the principal balances the company is owed, effective on the date the principal balance became due. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 26 2001 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 3/20/2001 | |
| SB | courtroom deputy's initials | date mailed notice  jad | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDECK POWER EQUIPMENT COMPANY, an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> DUKE/FLUOR DANIEL, a North Carolina joint venture, et al. <br><br> Defendant. | No. 00 C 6069 <br><br> Suzanne B. Conlon, Judge |

DOCKETED
MAR 2 6 2001

## MEMORANDUM OPINION AND ORDER

Indeck Power Equipment Company ("Indeck") sues Duke/Fluor Daniel ("DFD"), Duke Project Services, Fluor Illinois, Inc., Fluor Enterprises, Inc., Fluor Daniel, Inc., Duke Energy Corporation, and Fluor Corporation for failing to make lease payments totaling $1,506,545.31 (collectively "defendants"). DFD brings a third-party complaint against Dearborn Industrial Generation, LLC ("Dearborn") for breach of contract (Count I), indemnity (Count II), contribution (Count III), and declaratory judgment (Count IV). Dearborn asserts seventeen affirmative defenses to the third-party complaint and moves for summary judgment on the affirmative defenses of mitigation, setoff, and recoupment. Specifically, Dearborn seeks a ruling that Indeck must mitigate its damages by setting off the security deposits it continues to hold against the principal balances owed under the leases, effective on the date those balances became due. DFD has failed to respond.

## BACKGROUND

In February and March 1999, DFD entered into nine equipment leases with Indeck. DFD paid Indeck security deposits for three of the nine leases, totaling just over $1.5 million. The security deposits do not earn interest for DFD.

DFD's and Indeck's business relationship was governed by lease-to-own agreements. Under these agreements, the equipment would not be returned to Indeck and, therefore, equipment damage protection was not the purpose of the security deposits. The leases state that the security deposit is "security for the lessee's performance of all terms and conditions of this lease."

Indeck alleges DFD owes $1,979,263.47 in principal and $564,153.50 in interest on that principal as of May 26, 1999, plus continuing interest. Indeck refuses to set off the $1.5 million in security deposits against the principal allegedly owed. Indeck has held the security deposits interest free since the leases were signed.

## DISCUSSION

### I. Summary judgment standard

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Resource Committee, Inc.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56 (e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A

genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.,* 216 F.3d 596, 599 (7th Cir. 2000).

## II. Mitigation

Under the law of mitigation, an injured party has a duty to take reasonable steps to minimize its damages. *See e.g., Toledo Peoria & Western Ry. v. Metro Waste Systems,* 59 F.3d 637, 640 (7th Cir. 1995). The party must "avoid heaping up additional losses for which the tortfeasor may be held liable." *Id.*

Indeck could have applied DFD's security deposits to the amount owed, as of the date the lease payments were due. *See Indianapolis Power & Light Co. v. Commissioner of Internal Revenue,* 857 F.2d 1162, 1168 (7th Cir. 1988) ("In the case of a deposit to secure the payment of rent, if the lessee fails to make a rent payment, the lessor is able to apply the deposit to satisfy the missed payment and is perhaps spared the legal expense and other costs associated with collecting from the defaulting lessee"). Therefore, Indeck's principal balance claim must be reduced by the amount of the security deposits. Similarly, Indeck cannot make a claim for accruing interest on the full amount allegedly owed. Otherwise, the purpose of the mitigation rule would be thwarted by Indeck's "heaping up" of damages. Indeck must mitigate its damages by setting off the security deposits it holds against the principal balances owed, effective on the date the principal balances became due.[1]

---

[1] Dearborn's arguments regarding the doctrines of setoff and recoupment are moot. However, it should be noted that setoff and recoupment are not affirmative defenses. Recoupment is the ancestor of the compulsory counterclaim and setoff is the ancestor of the permissive counterclaim. *Coplay Cement Company, Inc. v. Willis & Paul Group,* 983 F.2d 1435, 1440 (7th Cir. 1993).

3

## **CONCLUSION**

Dearborn's motion for partial summary judgment is granted. Indeck must mitigate its damages by setting off the security deposits it holds against the principal balances the company is owed.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

March 20, 2001